**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
CHRISTOPHER DAVIS,                      :    CIVIL ACTION
                   Plaintiff,           :
                                        :
         vs.                            :    NO. 09-0739
                                        :
STEPHEN B. MALITZKI, JR.,               :
_Individually and in his Official_      :
_Capacity as a Detective in the_        :
_Bethlehem Township Police_             :
_Department_, BETHLEHEM TOWNSHIP        :
and JOHN DOES 1-10,                     :
                   Defendants.          :
_____ :

HENRY S. PERKIN                              OCTOBER 27, 2009
UNITED STATES MAGISTRATE JUDGE

<u>**MEMORANDUM**</u>

        Before the Court is the Motion of Defendants Stephen B.
Malitzki, Jr. and Bethlehem Township ("Moving Defendants") to
Dismiss portions of Plaintiff's Second Amended Complaint filed on
July 7, 2009, and Plaintiff's Response to the Motion filed on
July 24, 2009.  For the reasons that follow, the Motion will be
partially granted.

I.   <u>**FACTS AND PROCEDURAL HISTORY**</u>.[1]

        On June 15, 2006, Plaintiff and his friend, Kyle
Johnston ("Johnston"), went to a party at which Plaintiff was the
only African-American present.  Second Am. Compl., ¶¶ 11, 15.  At
some point, Johnston was attacked by Edward Cipressi, Jr.

_____

        [1]Unless stated otherwise, all facts in this section are adopted from
Plaintiff's Second Amended Complaint and are stated in the light most
favorable to Plaintiff.

("Cipressi") and several of Cipressi's friends.  Id., ¶¶ 17-19.
At the same time that Johnston was assaulted, Plaintiff was
attacked by Robert Morrison ("Morrison").  Id., ¶ 20.  Morrison
hit Plaintiff in the face with a beer bottle.  Id., ¶ 21.  Joseph
Ballangee ("Ballangee") and approximately six to eight friends of
Morrison and Ballangee joined the attack, and Plaintiff was
thrown to the ground, kicked in the face, stomped on the face,
punched in his face and body, and had his hair pulled out of his
head.  Id., ¶¶ 22, 24.  Ballangee and others yelled racial slurs
and epithets.  Id., ¶ 25.

Plaintiff, fearing the apparent racial motivation
behind the attack, defended himself.  Id., ¶ 26.  At some point,
he was able to get a pocketknife free from his pocket.  Id., ¶
27.  Holding the pocketknife in a defensive manner, Plaintiff
fended off his attackers and he and Johnston fled the party.
Id., ¶ 28.  Plaintiff and Johnston went to Johnston's apartment
and Plaintiff later returned to New Jersey where he was employed.
Id., ¶¶ 29-30.  Plaintiff sought medical treatment in New Jersey
for the injuries he sustained in the attack, including a
concussion.  Id., ¶ 31.

On or about the day following the attack, Plaintiff was
contacted by Defendant Stephen B. Malitzki, Jr. ("Defendant
Malitzki"), a Bethlehem Township detective, about the incident at
the party.  Id., ¶ 32.  Plaintiff agreed to meet with Defendant

Malitzki when he returned to the Bethlehem area on June 19, 2006. Id., ¶ 33. Plaintiff met with Defendant Malitzki to tell him about the unprovoked attack on himself and Johnston, but Defendant Malitzki refused review photographs of Plaintiff's injuries or to investigate Plaintiff's claims, instead focusing only on Plaintiff's actions on June 15, 2006. Id., ¶¶ 34, 35-36.

Defendant Malitzki arrested Plaintiff on June 21, 2006, and charged Plaintiff with seventeen offenses, including multiple counts of attempted homicide, aggravated assault, simple assault, and reckless endangerment of another person. Id., ¶ 37-38, 41. Because Plaintiff is African-American, Defendants focused on attempting to build or find evidence against Plaintiff rather than trying to determine the truth, that Plaintiff and Johnston were assaulted by multiple Caucasian individuals and acted in self-defense. Id., ¶ 39. Defendant Malitzki testified at Plaintiff's bail hearing that Plaintiff was a bail risk due to his job in New Jersey and Plaintiff's bail was set at $500,000 "straight" bail. Id., ¶ 43. Plaintiff was unable to pay the bail and was held in the Northampton County Prison for seventeen months pending trial. Id., ¶ 44, 47.

In November, 2007, after a jury trial that lasted one and one-half weeks, during which testimony characterizing Plaintiff as the aggressor during the June 15, 2006 attack was proffered from Cipressi, Morrison, Ballangee and others,

Plaintiff was found not guilty of twelve criminal counts against him. Id., ¶ 50-52.  The jury returned a hung verdict on the remaining five counts against Plaintiff, and those five counts were officially dropped on May 7, 2008, when a "nolle prosse" order was entered.  Id., ¶ 52-53.  Plaintiff filed a *pro se* Writ of Summons in the Northampton County Court of Common Pleas on June 13, 2008.[2]  Id., ¶ 54.

Plaintiff's counsel filed a Complaint in this Court on February 20, 2009.  The case was assigned to the Honorable Lawrence F. Stengel.  On March 5, 2009, the Defendants filed their first motion to dismiss.  On March 23, 2009, Plaintiff filed his First Amended Complaint, and Judge Stengel dismissed the first motion to dismiss as moot on March 31, 2009.  On April 7, 2009, the Defendants filed a motion to dismiss the First Amended Complaint.  On April 17, 2009, Plaintiff filed a motion for leave to file a second amended complaint and to stay response deadlines for the motion to dismiss.  Northampton County, which was then a Defendant, filed a motion to dismiss on May 1, 2009.  Judge Stengel held a telephonic conference which was not placed on the record on May 11, 2009.  On May 12, 2009, Judge Stengel entered an order granting Plaintiff's motion for leave to file a second amended complaint and dismissing the pending motions to

---

[2]Plaintiff provides no other information regarding the writ of summons.

dismiss without prejudice as moot.[3]

On May 26, 2009, Plaintiff filed a notice of filing his Second Amended Complaint.  The consent and order executed by Judge Stengel referring this case to the undersigned to conduct all further proceedings pursuant to 28 U.S.C. § 636 (c) was also filed on May 26, 2009.  On June 30, 2009, Plaintiff filed his Second Amended Complaint in which he omitted Defendants Bethlehem Township Police Department and Northampton County.  Accordingly, both Bethlehem Township Police Department and Northampton County were terminated from this case on June 30, 2009.  Plaintiff's Second Amended Complaint contains the following eight claims: (1) Civil Rights Violation - Malicious Prosecution against Defendant Malitzki (Count I); (2) Civil Rights Violation - Selective Prosecution against Defendant Malitzki (Count II); (3) Civil Rights Violation - False Arrest against Defendant Malitzki (Count

---

[3]Judge Stengel stated the following in the footnoted order:

> Mr. Davis wishes to explain the "complex" accrual and tolling issues of the applicable statutes of limitations.  He believes that a second amended complaint would aid the court in deciding the motions to dismiss. Without providing further specifics, he states that a very recent Supreme Court decision held that the very same causes of action contained in his complaint have "different accrual periods to be adjudicated by federal law as well as different tolling periods to be adjudicated by state law."

> In the interests of justice, I will grant Davis' request for leave to amend his complaint.  Per his motion, Davis shall limit any and all amendments to explaining the accrual and tolling issues of the applicable statute of limitations.

Dkt. No. 19, n.1.

III); (4) Civil Rights Violation - False Imprisonment against Defendant Malitzki (Count IV); (5) Civil Rights Violation - Monell against Defendant Bethlehem Township (Count V); (6) Civil Rights Violation - Conspiracy against All Defendants (Count VI); (7) State Law Claim - False Arrest/Imprisonment against Defendant Malitzki (Count VII); and (8) State Law Claim - Malicious Prosecution against Defendant Malitzki (Count VIII).

On July 7, 2009, the Moving Defendants filed the instant Motion to Dismiss.  Plaintiff filed his Response to the Motion on July 24, 2009.

II.  **STANDARD OF REVIEW**.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss, the court must accept as true all factual allegations in the Complaint and view all inferences to be drawn from the allegations in the complaint in the light most favorable to the non-moving party.  Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  A court should grant a Rule 12(b)(6) motion only if it appears to a certainty that no relief could be granted under any set of facts that could be proved.  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d. Cir. 2005)(quoting D.P. Enters., Inc., v. Bucks County Cmty., 725 F2d 943, 944 (3d Cir. 1984)).  The

6

Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) sets forth the current standard for adequately pleading a claim.  Under <u>Twombly</u>, a party must, in the complaint, "allege facts suggestive of the proscribed conduct" instead of alleging "mere elements of a cause of action." <u>Phillips</u>, 515 F.3d at 233 (quoting <u>Twombly</u>, 550 U.S. at 563 n.8).

The Supreme Court reaffirmed and clarified the <u>Twombly</u> standard in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  The Court explained that although a plaintiff is not required to make "detailed factual allegations," Federal Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> at 1949.  A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570).  A claim is facially plausible when the plaintiff pleads sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u>(quoting <u>id.</u> at 556).  The plausibility standard is not a "probability requirement," but it does require more than a sheer possibility that a defendant has acted unlawfully. <u>Ibid.</u>

**III. <u>DISCUSSION</u>.**

The Moving Defendants argue that: (1) the claims against them pursuant to 42 U.S.C. §§ 1983 and 1985 and any related <u>Monell</u> and conspiracy claims are time-barred because they

are governed by a two-year statute of limitation; and (2)
Plaintiff fails to state a conspiracy claim upon which relief can
be granted.  The Moving Defendants specifically state that
Plaintiff's causes of action for false arrest and false
imprisonment accrued on June 21, 2006, his arrest date, and the
statute of limitation on these charges expired on June 21, 2008.
They also contend that, "with the exception of any claim for
malicious prosecution, any other claim asserted against the
defendants that relates to events that occurred on or prior to
June 21, 2006, are time-barred."  Resp., p. 5.[4]  Plaintiff
responds:

> Defendants correctly state that the
> statute of limitations on a § 1983 case is
> two years.  As stated in Plaintiff's Second
> Amended Complaint, Plaintiff filed a Writ of
> Summons on June 13, 2008.  Plaintiff was
> arrested June 21, 2006.  Plaintiff's Writ of
> Summons was timely filed.  The Writ acted
> to toll the statute of limitations for a period
> of two years.  As such, Plaintiff's
> complaint, filed on February 20, 2009, was
> timely filed.
>     Further, the conspiracy against
> Plaintiff continued through his trial and was
> not completed upon Plaintiff's arrest. (cite
> continuing violation rule).

Pl.'s Resp., p. 7.

Plaintiff claims that his civil rights pursuant to 42
U.S.C. sections 1983 and 1985 were violated by the Moving

---

[4]Although the pages in both the Motion to Dismiss and the Response to
the Motion are unnumbered, they are referenced herein as if they were
appropriately paginated.

Defendants.[5]  The Moving Defendants contend that Plaintiff's civil rights claims are barred by the applicable two-year statutes of limitation.

The United States Court of Appeals for the Third Circuit permits defendants to raise the statute of limitation as a defense by way of a motion to dismiss under Rule 12(b)(6) if the time-bar is apparent on the face of the complaint.  Robinson v. Johnson, 313 F.3d 128, 135-36 (3d Cir. 2002), cert. denied,

---

[5]Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Section 1985 provides, in pertinent part, the following:

> (3) Depriving persons of rights or privileges
> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

540 U.S. 826 (2003)(citations omitted).  The statute of limitation that federal courts use for claims brought under 42 U.S.C. § 1983 is the applicable state's statute of limitation for personal injury actions.  Wallace v. Kato, 549 U.S. 384, 387-88 (2007).[6]  Accordingly, Pennsylvania's two-year statute of limitation period for personal injury actions governs Plaintiff's section 1983 and section 1985 civil rights claims.  42 Pa. C.S.A. § 5524(7); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993)(citing Wilson v. Garcia, 471 U.S. 261, 272-276 (1985)).

        Plaintiff was arrested on June 21, 2006.  In the Response to the Motion to Dismiss, Plaintiff's counsel claims that Plaintiff's pro se writ of summons filed in the Northampton County Court of Common Pleas on June 13, 2008 acted to toll the statute of limitation for two years because "[a] writ of summons will generally satisfy the tolling requirement in cases removed to federal court.  Where a plaintiff successfully tolls the applicable statute of limitations, the action is kept alive for a period equal to the original statute of limitations."  Mem. Law in Supp. Resp., p. 7 (citing Perry v. City of Philadelphia, No. Civ.A. 99-2989, 1999 WL 672640 at *1 (E.D. Pa. Aug. 17, 1999); Devine v. Hutt, 863 A.2d 1160, 1167 (Pa. Super. 2004); Shackelford v. Chester County Hosp., 690 A.2d 732 (Pa. Super.

---

[6]The parties do not include any analysis with respect to Wallace in the Motion and Response.

1997); and <u>Beck v. Minestrella</u>, 401 A.2d 762 (Pa. Super. 1979)).[7]
Unfortunately for Plaintiff, the instant action was **not** removed
to federal court.  Rather, Plaintiff commenced this federal
lawsuit on February 20, 2009, upon counsel's filing the original
Complaint.  <u>See</u> Dkt. No. 1.  Accordingly, the state court writ of
summons did not toll the statute of limitation in this Court.

It is well settled that the issue of when a cause of
action accrues is a question of federal law.  <u>Wallace</u>, 549 U.S.
at 388.  The Third Circuit has established that "the statute of
limitation begins to run from the time when the Plaintiff knows
or has reason to know of the injury which is the basis of the
section 1983 action."  <u>Genty v. Resolution Trust Corp.</u>, 937 F.2d
899, 919 (3d Cir. 1991)(citation omitted).  Accrual occurs "as
soon as a potential claimant either is aware, or should be aware,
of the existence and source of injury, not when the potential
claimant knows or should know that the injury constitutes a legal
wrong."  <u>Keystone Ins. Co. v. Houghton</u>, 863 F.2d 1125, 1127 (3d
Cir. 1988), *overruled on other grounds*, <u>Klehr v. A.O. Smith
Corp.</u>, 521 U.S. 179, 187 (1997).  Accordingly, different accrual
dates may apply for each alleged infringed constitutional right

---

[7]None of these cases cited by Plaintiff provide support for tolling the
statute of limitations in this case.  In <u>Perry</u>, the state court case was
removed to federal court and the statute of limitation was preserved.  <u>Devine</u>
and <u>Beck</u> were both state court cases which were neither removed to federal
court nor originally filed in federal court.  <u>Shackelford</u> recognized that, in
state court, the issuance and delivery of the writ keeps the action alive for
a period of time equal to the original period of limitation.

pursuant to 42 U.S.C. § 1983.  Plaintiff's claims are examined
hereafter.

### A.      Section 1983 Malicious and Selective Prosecution.

       Plaintiff presents claims in Counts I and II of the
Second Amended Complaint for malicious prosecution and selective
prosecution pursuant to 42 U.S.C. § 1983.  Defendants initially
argue that all of Plaintiff's claims pursuant to 42 U.S.C. § 1983
are time-barred because they are subject to a two-year statute of
limitation.  Later, Defendants state in a rather confusing
fashion that, "with the exception of any claim for malicious
prosecution, any other claim asserted against the defendants that
relates to events that occurred on or prior to June 21, 2006, are
time barred."  Def.'s Mem. Law, p. 3.  It does not appear,
therefore, that the Moving Defendants are challenging the claims
in Counts I and II of the Second Amended Complaint on the basis
of the two-year statute of limitation.

       A cause of action for malicious prosecution in
violation of the Fourth Amendment that necessarily implicates the
constitutionality of the conviction does not accrue until the
conviction has been overturned or invalidated.  Heck v. Humphrey,
512 U.S. 477, 489-90 (1994)(citation omitted).  Thus, Plaintiff's
malicious and selective prosecution claims did not accrue until
after his trial in November of 2007.  Plaintiff's federal court
complaint was filed on February 20, 2009.  Thus, Plaintiff's

Section 1983 malicious prosecution and selective prosecution claims in Counts I and II of the Second Amended Complaint survive the instant Motion to Dismiss.

**B.  Section 1983 False Arrest and False Imprisonment.**

Count III of the Second Amended Complaint comprises Plaintiff's false arrest claim against Defendant Malitzki pursuant to Section 1983, and Count IV contains Plaintiff's false imprisonment claim against Defendant Malitzki pursuant to Section 1983.  The Moving Defendants seek dismissal of these claims on the basis that they are barred by the two-year statute of limitation.

False arrest and false imprisonment overlap in this context, and the Supreme Court in Wallace v. Kato considered them together under the umbrella of false imprisonment because false arrest is a species of false imprisonment.  Wallace, 549 U.S. at 388-389.  Thus, in Fourth Amendment claims based on false arrest or false imprisonment, the Wallace Court held "the statute of limitations on petitioner's § 1983 claim [for false arrest or false imprisonment] begins to run "at the time the claimant becomes detained pursuant to legal process," i.e., appears before the examining magistrate and is bound over for trial.  Id. at 397.  Under this standard, because Plaintiff was arrested on June 21, 2006, any civil rights claim for false arrest and false imprisonment accrued on that same date and expired on June 21,

2008.  Plaintiff's Complaint was filed on February 20, 2009, eight months after this deadline, therefore Counts III and IV of Plaintiff's Second Amended Complaint for civil rights violations related to false arrest and false imprisonment must be dismissed.

Plaintiff argues that "[t]he ongoing wrongful acts of arrest, incarceration, prosecution, and ignoring of evidence because of Plaintiff's race continued until all the charges against Plaintiff were ended.  These acts recurred throughout Plaintiff's trial.  Plaintiff could not assert his rights until May 2008, when the prosecution officially ended.  As such, the Complaint is timely."  Mem. Law in Supp. Pl.'s Resp., pp. 7-8. Plaintiff bears the burden of demonstrating that the continuing violation doctrine applies to his case.  Little v. City & County of Phila., No. CIV.A. 07-5361, 2008 WL 2704579, at *4 (E.D. Pa. July 3, 2008)(citing Larsen v. State Employee's Ret. Sys., 2008 WL 2064965, at *10 (M.D. Pa. May 15, 2008)("The burden is on the plaintiff to demonstrate that the continuing violations doctrine applies to toll the statute of limitations.")(citing Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) and Mest v. Cabot Corp., 449 F.3d 502, 511 (3d Cir. 2006)("[A] plaintiff attempting to apply the discovery rule bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury." (citation omitted))).

The continuing violation theory is a narrow and

equitable exception.  The doctrine "should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims." Cowell, 263 F.3d at 295 (citations omitted).  On the contrary, "if prior events should have alerted a reasonable person to act at that time the continuing violation theory will not overcome the relevant statute of limitations." King v. Township of East Lampeter, 17 F. Supp.2d 394, 416 (E.D. Pa. 1998), aff'd, 182 F.3d 903 (3d Cir. 1999), cert. denied, 528 U.S. 951 (1999).

The continuing violation doctrine is most frequently applied in employment discrimination claims, but it also may be used to bring a Section 1983 claim. Cowell, 263 F.3d at 292 (citations omitted).  Under this doctrine, "[w]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time-barred." Brenner v. Local 514, United Bhd. Of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)(citing Keystone, 863 F.2d at 1129).

To benefit from this rule, Plaintiff must show that the Defendants' conduct is "more than the occurrence of isolated or sporadic acts." Cowell, 263 F.3d at 292 (quoting West v. Philadelphia Elec. Co., 45 F.3d 744, 755 (3d Cir. 1995)(quotation

15

omitted).  In making this determination, this Court must consider
the following three factors: (1) subject matter – whether the
violations constitute the same type of [harm], tending to connect
them in a continuing violation; (2) frequency – whether the acts
are recurring or more in the nature of isolated incidents; and
(3) degree of permanence – whether the act had a degree of
permanence which should trigger the plaintiff's awareness of and
duty to assert his/her rights and whether the consequences of the
act would continue even in the absence of a continuing intent to
discriminate.  Id. (citing id. at 755 n.9). The degree of
permanence consideration is the most important of the factors.
Id. (citation omitted).

        Plaintiff was aware upon his arrest on June 21, 2006
not only of the alleged harm to him, but also of the Defendants'
alleged racially discriminatory motive in arresting him because
he was the only individual arrested following the June 15, 2006
altercation.  Plaintiff filed his Complaint in this Court on
February 20, 2009.  As a result of the June 21, 2006 arrest,
Plaintiff alleges that he was wrongfully incarcerated and
prosecuted, which ultimately resulted in dismissal of the
criminal charges against him in November, 2007.  The two-year
statute of limitation for Plaintiff's Section 1983 Fourth
Amendment claims expired on June 21, 2008, eight months before
Plaintiff filed his Complaint in this Court.  In examining the

degree of permanence consideration which should trigger
Plaintiff's awareness of an duty to assert his rights, we must
consider the policy rationale behind the statute of limitations
and whether allowing Plaintiff to postpone raising his false
arrest and false imprisonment claims until the statute of
limitation had run would violate the fundamental policy rationale
behind the statute of limitation.  Cowell, 263 F.3d at 295
("[T]he continuing violations doctrine should not provide a means
for relieving plaintiffs from their duty to exercise reasonable
diligence in pursuing their claims . . . Limitations periods are
intended to put defendants on notice of adverse claims and to
prevent plaintiffs from sleeping on their rights.")(cited in
Schneck v. Saucon Valley Sch. Dist., 340 F. Supp.2d 558, 582
(E.D. Pa. 2004)(Brody, J.)).  Here, Plaintiff alleges that he was
incarcerated for seventeen months prior to his trial and
dismissal of the charges in November of 2007.  Although it
appears that Plaintiff filed a writ of summons in state court on
June 13, 2008, Plaintiff failed to institute his lawsuit based on
Fourth Amendment violations until February 20, 2009, after the
available time period when he was required to do so.  The length
of his incarceration alone had a degree of permanence such that
Plaintiff's awareness of the need to assert his rights should
have been triggered.  It cannot be said that Plaintiff was
oblivious of the need to assert his rights as evidenced by his

17

state court writ of summons, therefore he may not resurrect the false arrest and false imprisonment claims by characterizing them as part of a continuing violation.

**C.     Section 1985 Conspiracy Claim.**

In Count VI of the Second Amended Complaint, Plaintiff avers that the Defendants violated his civil rights pursuant to 42 U.S.C. § 1985 when they "conspired for the purpose of impeding, hindering, obstructing and defeating the due course of justice with the intent to deny Plaintiff the protection of the laws and to injure him."  Second Am. Compl., ¶ 97.  Plaintiff alleges that the Defendants were engaged in a conspiracy to arrest, imprison and prosecute him because he "is African American and to deprive Plaintiff of his equal protection of the law."  Second Am. Compl., ¶ 98.

Plaintiff does not clarify which portion of Section 1985 he is challenging, although it appears that the conspiracy claim may be brought pursuant to 42 U.S.C. § 1985(3).  Section 1985(3) prevents individuals from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  In order to establish a § 1985(3) violation, a plaintiff must allege and prove the following four elements:

> (1) a conspiracy; (2) for the purpose of
> depriving, either directly or indirectly, any

18

> person or class of persons of the equal
> protection of the laws, or of equal
> privileges and immunities under the laws; and
> (3) an act in furtherance of the conspiracy;
> (4) whereby a person is either injured in his
> person or property or deprived of any right
> or privilege of a citizen of the United
> States.

United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-829 (1983).  Section 1985, like Section 1983, does not contain a statute of limitation.  Courts must rely on the statute of limitation for the state where the court sits unless applying the state's statute of limitation would conflict with the United States Constitution or with federal law.  42 U.S.C. § 1988; Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000).  The Supreme Court has directed courts to apply the state statute applicable to personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 276-80 (1985), *superseded by statute on other grounds*, as stated in Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 377-78 (2004).  Pennsylvania's two-year statute of limitation for personal injury actions is applicable to Section 1985(3) conspiracy claims.  42 Pa. C.S.A. § 5524(7).  Plaintiff is therefore time-barred from asserting any conspiracy claims based on overt acts occurring prior to February 20, 2007.  Little, 2008 WL 2704579, at *3 (citation omitted).  Plaintiff's Section 1983 false arrest and false imprisonment claims are barred by the statute of limitation and cannot serve as underlying claims in support of Plaintiff's conspiracy claim for the reasons set forth

in Section III.B., _supra_.  Thus, the remaining allegations which comprise Plaintiff's conspiracy claim pursuant to Section 1985 are Plaintiff's allegations regarding malicious and selective prosecution occurring after February 20, 2007.

The Moving Defendants move for dismissal of Count VI on the basis that Plaintiff fails to allege the required particularized facts to state a claim for conspiracy.  They correctly cite the appropriate standard for Rule 8(a), that the Complaint must allege "at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn."  Mem. Law in Supp. Mot. to Dismiss, p. 6 (quoting _Durham v. City & County of Erie_, 171 F. App'x 412, 415 (3d Cir. 2006)(citing _Evancho v. Fisher_, 423 F.3d 347, 353 (3d Cir. 2005)).  The Moving Defendants note that "[s]uch an inference cannot be drawn on the facts as alleged."  _Id._

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.  _Lopez v. Brady_, No. CIV.A. 4:CV-07-1126, 2008 WL 2310943, at *6 (M.D. Pa. June 3, 2008)(citing _D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch._, 972 F.2d 1364, 1377 (3d Cir. 1992), _cert._ _denied_, 506 U.S. 1079 (1993); _Rose v. Bartle_, 871 F.2d 331, 366 (3d Cir. 1989); _Durre v. Dempsey_, 869 F.2d 543, 545 (10th Cir. 1989)).  "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy,

20

the object of the conspiracy, and the certain actions of the
alleged conspirators taken to achieve that purpose." Id.
(quoting Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166
(3d Cir. 1989)).  Plaintiff, in response to the Motion to
Dismiss, states the following:

> Plaintiff's Complaint satisfies Rule 8.
> Plaintiff alleges Malizki's [sic] actions in
> the arrest and prosecution of Plaintiff that
> violated Plaintiff's equal protection due to
> his race.  Malizki's [sic] actions were done
> in concert with the Township and John Doe
> Defendants.  As such, a reasonable inference
> of a conspiracy can be drawn.  Defendants'
> Motion must fail.

Mem. Law in Supp. Pl.'s Resp., pp. 8-9.  Despite Plaintiff's
contention that he satisfies Rule 8 in pleading a civil rights
conspiracy pursuant to Section 1985, Plaintiff does not
sufficiently plead "the certain actions of the alleged
conspirators taken to achieve that purpose."  Moreover, Plaintiff
has drafted his complaint three times in this litigation, yet
these deficiencies remain.  Nonetheless, pursuant to Phillips,
515 F.3d 224, Plaintiff will be provided an additional
opportunity to cure this deficiency as to Plaintiff's allegations
of civil conspiracy pursuant to Section 1985(3) based on conduct
occurring after February 20, 2007.

### D.    Municipal Liability Claim Under § 1983.

The Moving Defendants challenge Plaintiff's Monell
claims contained in Count V of the Second Amended Complaint

against Bethlehem Township on the basis of the two-year statute of limitation.  In Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658, 691 (1978), the Supreme Court held that liability arising from Section 1983 violations cannot be imposed under the doctrine of respondeat superior.  Instead, the plaintiff must assert that an actual policy or custom of the municipality was the cause of the constitutional deprivation.  Id.  Alternatively, a course of conduct may be considered a custom when "practices of state officials are so permanent and well settled as to virtually constitute law."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)(citing Monell, 436 U.S. at 690 (citations omitted)).  A plaintiff must show that the policy or custom amounts to "deliberate indifference" to his or her rights.  Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004), cert. denied, 546 U.S. 899 (2005)(citations omitted).

Plaintiff first contends that Bethlehem Township "prior to the events described herein, . . . developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons within [its] geographic and jurisdictional limits . . . especially African-Americans, which caused violations of Plaintiff's constitutional and other rights."  Second Am. Compl., ¶ 91.  Next, Plaintiff alleges that Bethlehem Township "failed to adequately and properly supervise and train in various aspects of law

enforcement, criminal prosecution procedure and substance, including, but not limited to, the nature and existence of good cause, evaluation of character, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise." Id., ¶ 92. Plaintiff's third allegation is that "the actions and conduct of Defendant, Malitzki, was caused by the failure of the Township, with deliberate indifference, to properly train, control or supervise these police detectives with respect to their investigative power in accordance with the United States and Pennsylvania Constitutions." Id., ¶ 93. Finally, Plaintiff claims that "[t]he above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of those within Northampton County, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein." Id., ¶ 94.

     The Moving Defendants argue that the claims against them pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and any related Monell and conspiracy claims are time-barred. Plaintiff does not specifically respond to this argument as it pertains to the Monell claims against the Defendants. As discussed in other sections of this Memorandum, Plaintiff's claims for false arrest and false imprisonment pursuant to 42 U.S.C. § 1983 are dismissed as time-barred. Plaintiff's claims for malicious prosecution and selective prosecution and conspiracy as to malicious prosecution

and selective prosecution related to conduct occurring after February 20, 2007 remain in this case.  Thus, Plaintiff's <u>Monell</u> claims against the Defendants will be dismissed except for any alleged discriminatory customs or policies governing alleged discriminatory overt acts occurring after February 20, 2007.

### G.    State Law False Arrest and False Imprisonment Claims.

Count VII of Plaintiff's Complaint comprises Plaintiff's state law claims against Defendant Stephen B. Malitzki, Jr. for false arrest and false imprisonment.  The Moving Defendants seek dismissal of these claims pursuant to the two-year statute of limitation under Pennsylvania law for false arrest and false imprisonment.  <u>See</u> 42 Pa. C.S.A. § 5524(1).  State law claims for false arrest and false imprisonment accrue at the time of the arrest.  <u>Little</u>, 2008 WL 2704579, at *4 (citations omitted).  Plaintiff was arrested on June 21, 2006, and the two-year statute of limitation on these charges expired on June 21, 2008.  Plaintiff commenced his federal lawsuit on February 20, 2009 by filing his original Complaint.[8]  <u>See</u> Dkt. No. 1.  Plaintiff's state court writ of summons did not toll the two year statute of limitation for Plaintiff's false arrest and

---

[8]As previously discussed, <u>supra</u>, Plaintiff's counsel mistakenly states in the Response to the Motion that Plaintiff's case was removed to this Court and that the <u>pro se</u> writ of summons which Plaintiff filed in the Northampton County Court of Common Pleas on June 13, 2008 effectively tolled the statute of limitation in this Court.  Although Plaintiff's argument that a writ of summons tolls a statute of limitation may generally be correct under Pennsylvania law, there is a fatal flaw as applied to this case because Plaintiff's state court case was ***not*** removed to this federal court.

false imprisonment claims.  Because Plaintiff's Complaint was filed eight months after the statute of limitation expired, Plaintiff's state law claims for false arrest and false imprisonment are statutorily barred and Count VII of Plaintiff's Second Amended Complaint will be dismissed.

## IV.   **CONCLUSION**.

Pursuant to the above discussion, Plaintiff's Section 1983 claims for false arrest and false imprisonment and his state law claims for false arrest and false imprisonment will be dismissed.  Similarly, Plaintiff's municipal liability claims against Bethlehem Township pre-dating February 20, 2007 are dismissed, and conduct comprising a conspiracy by the Defendants occurring prior to February 20, 2007 is specifically excluded.

Plaintiff's claims for Section 1983 malicious prosecution and selective prosecution and his state law malicious prosecution survive the Moving Defendants' Motion to Dismiss. Plaintiff is granted leave to revise Count VI of the Second Amended Complaint and will be directed to plead with specificity any actions taken by Defendants after February 20, 2007 in furtherance of a conspiracy.

An appropriate Order will be separately entered.