IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
CHRISTOPHER DAVIS,                  :      CIVIL ACTION
                    Plaintiff,      :
                                    :
        vs.                         :      NO. 09-0739
                                    :
STEPHEN B. MALITZKI, JR.,           :
*Individually and in his Official*  :
*Capacity as a Detective in the*    :
*Bethlehem Township Police*         :
*Department*, BETHLEHEM TOWNSHIP    :
and JOHN DOES 1-10,                 :
                                    :
                    Defendants.     :
_____ :

HENRY S. PERKIN                              MARCH 16, 2010
United States Magistrate Judge

## MEMORANDUM

        Presently before the Court is the Motion for Summary

Judgment filed by Defendants Stephen B. Malitzki, Jr.,

individually and in his official capacity as an investigator in

the Bethlehem Township Police Department, the Bethlehem Township

Police Department, and Bethlehem Township pursuant to Federal

Rule of Civil Procedure 56(c), and the Response to the Motion.

For the reasons that follow, the Motion will be granted in part

and denied in part.

## I.   PROCEDURAL HISTORY.

        Plaintiff Christopher Davis ("Mr. Davis"), filed this

action pursuant to 42 U.S.C. § 1983 on February 20, 2009.  The

case was originally assigned to the Honorable Lawrence F.

Stengel.  On June 26, 2009, Judge Stengel entered an Order, based

upon the parties' consent, for the undersigned to conduct all proceedings and enter an adjudication in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure and Rule 72.1(III)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

On June 30, 2009, Plaintiff filed his Second Amended Complaint in which he omitted Defendants Bethlehem Township Police Department and Northampton County. Accordingly, both the Bethlehem Township Police Department and Northampton County were terminated from this case on June 30, 2009. Defendants filed a Motion to Dismiss portions of Plaintiffs' Second Amended Complaint on July 7, 2009. On October 27, 2009, the Motion to Dismiss was partially granted.

On November 16, 2009, Plaintiff filed his Third Amended Complaint against Stephen B. Malitzki, Jr., Bethlehem Township and John Does 1-10.[1] On December 1, 2009, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint. On January 13, 2010, Defendants filed the instant Motion for Summary Judgment, and Plaintiff's Response to the Motion was filed on February 21, 2010, following two extensions of time.

---

[1] An identical pleading was filed again as an Amended Third Amended Complaint on December 11, 2009.

## II.  **STANDARD**.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.  Anderson, 477 U.S. at 249.  A factual dispute is material only if it might affect the outcome of the suit under governing law.  Id. at 248.

To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather that party must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to

3

survive a summary judgment motion.  <u>Williams v. Borough of W.</u>
<u>Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989)(citing <u>Celotex</u>, 477
U.S. at 325).  The non-moving party has the burden of producing
evidence to establish *prima facie* each element of its claim.
<u>Celotex</u>, 477 U.S. at 322-323.  If the court, in viewing all
reasonable inferences in favor of the non-moving party,
determines that there is no genuine issue of material fact, then
summary judgment is proper.  <u>Id.</u> at 322; <u>Wisniewski v. Johns-</u>
<u>Manville Corp.</u>, 812 F.2d 81, 83 (3d Cir. 1987).  When the non-
moving party will bear the burden of proof at trial, the moving
party's burden can be "discharged by 'showing' - that is,
pointing out to the District Court - that there is an absence of
evidence to support the non-moving party's case."  <u>Jones v.</u>
<u>Indiana Area Sch. Dist.</u>, 397 F. Supp.2d 628, 642 (W.D. Pa. 2005)
(quoting <u>Celotex</u>, 477 U.S. at 325).

**III.**    **<u>DISCUSSION</u>**.

In his Response to the Motion for Summary Judgment,
Plaintiff withdraws all claims except Count I, malicious
prosecution pursuant to 42 U.S.C. § 1983 and Count II, selective
prosecution pursuant to 42 U.S.C. § 1983.  Plaintiff also
withdraws all claims against all Defendants except Defendant
Stephen B. Maliztki, Jr. in his personal, or individual,

capacity.[2]  Accordingly, summary judgment is granted for

Defendants on Counts III, IV and V of Plaintiff's Third Amended

Complaint, and Defendants Bethlehem Township and John Does 1

through 10 and Defendant Stephen B. Malitzky, Jr., in his

official capacity.

### A. Whether Defendant Malitzky is Entitled to Qualified Immunity on Plaintiff's Remaining Claims.

Defendant Malitzky contends that qualified immunity

applies to shield him from liability in this case because:

> [i]n the present case, Judge Joseph
> Barner approved the charges and bound the
> case against Christopher Davis over for
> trial.  Furthermore, Assistant District
> Attorney Robert Eyer represented the
> Commonwealth at Mr. Davis' Preliminary
> Hearing.  Investigator Malitzky is not a
> lawyer and was clearly within his rights in
> relying upon the good faith advice of the
> Assistant District Attorney Eyer in pursuing
> his claim against Mr. Davis.  Further, it was
> not objectively unreasonable for Investigator
> Malitzky to believe that Mr. Davis committed
> an assault given that two persons were in the
> hospital for stab wounds, one of whom
> required emergency surgery.  Independent
> witnesses as well as the victims confirmed
> that Mr. Davis was the only person at the
> party who had a weapon.
> Given that an officer is permitted to
> rely upon testimony of one witness in order
> to find probable cause, Officer Malitzky
> enjoys qualified immunity since his pursuit

---

[2]     The withdrawal of these claims and parties is the equivalent of a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41.1(a)(1). Thus, Counts III (Monell Claim), IV (Conspiracy) and V (Malicious Prosecution under Pennsylvania law) of Plaintiff's Third Amended Complaint, and Defendants Stephen B. Malitzky, Jr. in his official capacity as a detective in the Bethlehem Township Police Department, Bethlehem Township and John Does 1 through 10 are dismissed from this case.

of criminal charges against Davis which were
signed off on by the Assistant District
Attorney and approved by the Court, did not
violate clearly established statutory or
constitutional rights of which a reasonable
person would have known.

Def.'s Mem. Law, p. 11 (unnumbered in orig.).

Plaintiff contends, in response, that Defendant
Malitzky is not entitled to qualified immunity because Plaintiff
challenges whether probable cause existed for Plaintiff's arrest,
prosecution and post-trial detention.  Plaintiff contends that
the affidavit of probable cause is insufficient because it lacked
facts presented by all of the eyewitnesses, not just those
individuals who were stabbed, saw blood, or said Plaintiff had a
knife following the June 15, 2006 altercation.  According to
Plaintiff, the mere occurrence of a stabbing, like any accident,
does not even comport civil liability, let alone provide probable
cause towards a criminal warrant.  Plaintiff contends that if
Defendant Malitzky had done a reasonable officer's investigation,
Plaintiff would have been viewed by the state court magisterial
district judge as an innocent victim stabbing wildly in self-
defense.

Qualified immunity may only be granted if a law
enforcement officer reasonably believes that his actions did not
violate a clearly established constitutional right.  Anderson v.
Creighton, 463 U.S. 635 (1987).  This Court must first determine:
(1) whether the facts, taken in the light most favorable to the

non-moving party, show a constitutional violation; and (2) whether the constitutional right was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194 (2001); Couden v. Duffy, 446 F.3d 483, 492 (3d Cir. 2006); Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002). Courts are no longer required to decide the first prong of this test before moving to the second prong, but it is "often beneficial" for courts to apply the test in this order. Pearson v. Callahan, 555 U.S. ___, 129 S.Ct. 808, 818 (2009). If the plaintiff fails to make out a constitutional violation, based on the facts taken in the light most favorable to the plaintiff, the qualified immunity inquiry ends and the officer is entitled to immunity. Bennett, 274 F.3d at 136.

A decision at the summary judgment stage on qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis. The existence of disputed historical facts material to the objective reasonableness of an officer's conduct will give rise to a jury issue. Curley v. Klem, 298 F.3d 271, 278 (3d Cir. 2002). Accordingly, Plaintiff's Section 1983 malicious prosecution and selective prosecution claims are examined to determine whether Defendant Malitzky is entitled to qualified immunity.

The common law elements of malicious prosecution are: "(1) the defendants initiated a criminal proceeding; (2) the

criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 791 (3d Cir. 2000). The Third Circuit Court of Appeals stated that in order to establish a claim of selective prosecution, a plaintiff must show that similarly situated persons have not been prosecuted and that "the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989).

The first step in this analysis requires the court to determine whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show [that] the officer's conduct violated a constitutional right." Saucier v. Katz, 522 U.S. 194, 201 (2001). This inquiry is simply . . . "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Graham v. Connor, 490 U.S. 386, 396-97 (1989)(citations omitted).

Upon a review of the deposition transcripts, incident investigation reports, police criminal complaint and Operative

Report for Robert Morrison dated June 15, 2006, we conclude that
the evidence, viewed solely in the light most favorable to the
Plaintiff, could support a jury finding that Defendant Malitzky
lacked probable cause to arrest Plaintiff.  First, Plaintiff has
produced sufficient evidence, which if believed, would allow a
reasonable juror to find that it was objectively unreasonable to
perceive Plaintiff as the sole aggressor in the fight that
occurred on June 15, 2006.  Plaintiff points to the deposition
testimony of his friend, Kyle Johnston, whose statement supported
Plaintiff's claim that he acted in self-defense in taking out his
knife when attacked.  The testimony of both Johnston and
Plaintiff is in direct conflict with the statements of Robert
Morrison, Joseph Ballangee, and Edward Cipressi, Jr., who stated
that Plaintiff had a knife and aggressively lunged at them, first
punching Robert Morrison in the head and then stabbing him in his
arm and assaulting him, stabbing Edward Ballangee when he came to
Morrison's aid by pulling on Plaintiff's dreadlocks, and lunging
at Cipressi, slashing the back of his hand.

Although Defendant Malitzky contends that he had
probable cause to arrest Plaintiff because Plaintiff was the sole
aggressor and only person who wielded a weapon besides his bare
hands during the altercation, a factual issue remains whether
Plaintiff was the aggressor or whether he was acting in self-
defense and in defense of his friend, Kyle Johnston.  Also in

dispute is whether Defendant Malitzky only arrested Plaintiff
because he was the sole minority involved in the altercation.
Accordingly, this determination must be made by the jury and
Defendant Malitzky is not entitled to qualified immunity for
these claims.

This decision does not comment on the weight of
Plaintiff's evidence.  This Court's decision is only that a
reasonable juror *could* find for Plaintiff based on the evidence
presented.  For the foregoing reasons, Defendant's Motion for
Summary Judgment is denied with respect to qualified immunity.

**B.  Plaintiff's Malicious Prosecution Claim.**

In Count I of Plaintiff's Third Amended Complaint, he
alleges that:

> 64. At the time of Defendant's investigation,
> arrest, charges, imprisonment, and trial,
> Plaintiff had not committed any infraction to
> legally justify the incarceration and
> charges.
>
> 65. Defendant's actions stated above, inter
> alia, were committed under color of state law
> and were violations of Plaintiff's clearly
> established and well-settled Constitutional
> and other legal rights.
>
> 66. Defendant caused plaintiff to suffer a
> malicious prosecution by their wrongful
> conduct in subjecting Plaintiff to false
> criminal charges, all in violation of the
> Fourth and Fourteenth Amendments to the
> United States Constitution.
>
> 67. Defendant instituted a criminal action
> against Plaintiff with an affidavit
> supporting the charges against Plaintiff,

testifying at the bail hearing, and failing
to properly investigate the attack.

68. Plaintiff was seized from the time he was
arrested and while he was imprisoned for over
17 months, including but not limited to, the
time period between February 20, 2007 and
November 16, 2007.

69. Defendant acted maliciously due to
Plaintiff's race.

70. Defendant did not have probable nor any
cause to arrest, charge, and/or accuse
Plaintiff of the criminal acts.

71. The criminal action terminated in
Plaintiff's favor with a jury verdict on 12
counts and the "Nolle Prossing" of the
remaining 5 counts.

72. Defendant deliberately ignored and failed
to advise prosecutors of evidence and
accounts of the event that showed Plaintiff
as, instead, the victim.

Am. Third Am. Compl., pp. 9-10. To establish a claim for civil

rights liability pursuant to 42 U.S.C. section 1983, a plaintiff

must show: (1) a defendant was acting under color of state law;

and (2) that actor deprived them of a right, privilege, or

immunity secured by the United States Constitution or federal

law. 42 U.S.C. § 1983. Police officers who violate an

individual's constitutional or statutory rights while acting

under color of state law are subject to liability under section

1983. Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002).

Defendant, as an employee of the Bethlehem Township Police

Department, qualifies as a state actor for purposes of section

1983 analysis.  See Marcolongo v. Sch. Dist. of Phila., No.
CIV.A. 98-5196, 1999 WL 1011899, at *5 (E.D. Pa. Nov. 5, 1999),
aff'd, 262 F.3d 404 (3d Cir. 2001).

Defendant Malitzky moves for summary judgment of this
claim on the basis that there was probable cause to arrest
Plaintiff for attempted homicide, aggravated assault, simple
assault and recklessly endangering another person.  In addition,
Defendant Malitzky argues that no evidence has been brought forth
to substantiate the fourth prong of malicious prosecution, that
he acted maliciously toward Plaintiff.

Based upon the above qualified immunity analysis,
questions of fact exist as to whether there was probable cause to
arrest Plaintiff, thereby precluding summary judgment on
Plaintiff's claim for Section 1983 malicious prosecution.

**C.  Plaintiff's Selective Prosecution Claim.**

Defendants move for summary judgment of Plaintiff's
selective prosecution claim pursuant to 42 U.S.C. § 1983, found
in Count II of the Third Amended Complaint.  The Complaint
specifically states:

> 74. Plaintiff was singled out for prosecution
> for the incident as no other individual
> involved in the attack was charged nor even
> investigated.

> 75. Defendant singled Plaintiff out for
> prosecution due to his race.

> 76. Plaintiff was the only African-American
> at the party.

77. Defendant's actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

Am. Third Am. Compl., pp. 9-10.  In his Motion for Summary Judgment, Defendant Malitzky contends that there is no evidence that he filed an Affidavit of probable cause against the Plaintiff because of his race.

Defendants cite <u>Crane v. Cumberland County, Pa.</u>, 64 Fed. Appx. 838, 2003 WL 1564269 (3d Cir. 2003), in support of the claim that summary judgment should be granted in Defendant Malitzky's favor.  In <u>Crane</u>, the Third Circuit Court of Appeals stated that, in order to establish a claim of selective prosecution, a plaintiff "must show that similarly situated persons have not been prosecuted and that 'the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right.'"  <u>Id.</u> at 840, 2003 WL 1564269, at *1 (citing <u>United States v. Schoolcraft</u>, 879 F.2d 64, 68 (3d Cir. 1989)).

Defendant Malitzky argues that the instant case is identical to <u>Crane</u> because Plaintiff, like Mr. Crane, was the only person who wielded a knife during the altercation. Defendant also argues that like Mr. Crane, Plaintiff has not demonstrated that there were similarly situated persons who were

not prosecuted and there is no evidence that the decision to prosecute Plaintiff was made on the basis of an unjustifiable standard, like race, or that the prosecution was intended to prevent his exercise of a fundamental right.

Plaintiff contends, in response, the following:

> For plaintiff's selective prosecution claim, Johnston, perhaps culpable himself for, at least, the co-initiation of the event, testified plaintiff was targeted by Malitzki from the onset of the investigation. Plaintiff testified that a fellow inmate acknowledged Malitzki's racism.
> Of all the combatants, why did Malitzki prosecute just plaintiff (even telling Caucasian Johnston to leave town).
> Blood plus knife does not equal crime let alone cause to prosecute the only African-American.
> Under the Fourteenth Amendment, there exist issues of fact requiring the denial of summary judgment for Malitzki's selective prosecution of plaintiff.

Pl.'s Resp., pp. 9-10.

Although Plaintiff, like the <u>Crane</u> plaintiff, was the only person to wield a knife during the June 15, 2006 altercation, Plaintiff differs from Mr. Crane, who did not dispute that there was probable cause for his arrest. Because this Court has already determined that issues of material fact exist with respect to probable cause to arrest Plaintiff, Defendant Malitzky's Motion for Summary Judgment must be denied regarding Count II, selective prosecution of Plaintiff.

## IV.    __CONCLUSION__.

Summary Judgment is granted with respect to those claims withdrawn by Plaintiff and those Defendants dismissed by Plaintiff: Counts III, IV and V of Plaintiff's Third Amended Complaint and Defendants Bethlehem Township, John Does 1 through 10 and Defendant Stephen B. Malitzky, Jr. in his *official* capacity. Summary judgment must be denied with respect to Defendant Malitzky's qualified immunity and Plaintiff's malicious prosecution and selective prosecution claims.

An appropriate Order follows.