**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|                                                              |     |                |
| ------------------------------------------------------------ | --- | -------------- |
|                                                              | :   |                |
| CHRISTOPHER DAVIS,                                           | :   | CIVIL ACTION   |
|                              Plaintiff,                      | :   |                |
|                                                              | :   |                |
|    vs.                                                       | :   | NO. 09-0739    |
|                                                              | :   |                |
| STEPHEN B. MALITZKI, JR., *Individually and*                 | :   |                |
| *in his Official Capacity as a Detective in the*             | :   |                |
| *Bethlehem Township Police Department,*                      | :   |                |
| BETHLEHEM TOWNSHIP and                                       | :   |                |
| JOHN DOES 1-10,                                              | :   |                |
|                              Defendants.                     | :   |                |
|                                                              | :   |                |

---

Henry S. Perkin, M.J.                                                            January 20, 2012

<u>**MEMORANDUM**</u>

This case is before the Court following remand on November 17, 2011 by the

United States Court of Appeals for the Third Circuit.  The Court vacated the undersigned's denial

of Officer Malitzki's motion for summary judgment as to Plaintiff's claims for malicious and

selective prosecution in Counts I and II of the Third Amended Complaint on the basis of

qualified immunity.  The Court remanded this case for this Court to reconsider the March 16,

2010 denial of summary judgment.  If no other factual disputes exist, the Third Circuit directs

entry of judgment in favor of Officer Malitzki in his individual capacity as to Plaintiff's

malicious and selective prosecution claims.  Upon receipt of the November 17, 2011 remand

decision, the undersigned ordered counsel to file supplemental briefs, if any, addressing the

issues raised by the Third Circuit.[1]  Plaintiff was granted a brief extension of time, and

supplemental briefs were filed on December 15 and 16, 2011.

---

[1]        Counsel were not required to submit supplemental briefs.

In his Supplemental Brief, Plaintiff's counsel lists twelve purported facts which he alleges support his claim that Officer Malitzki's conduct was objectively unreasonable.  See Pl.'s Supp. Mem., p. 2.   Plaintiff's counsel provides no citations to the record for these allegedly objectively unreasonable instances of conduct.[2]  Conversely, in his Supplemental Brief, Officer Malitzki contends that Plaintiff has already put before this Court and the Court of Appeals every fact which he might possibly believe demonstrates a lack of probable cause and the Court of Appeals held those facts insufficient to preclude summary judgment.  Thus, the Defendant believes that there are no "other factual disputes" which the plaintiff can articulate and requests judgment in his favor.  See Def.'s Supp. Br., pp. 3-4.

In the remand opinion, the Third Circuit stated that "while we lack the power to review the court's finding that there were disputes of fact in the summary judgment record, *see Blaylock v. City of Phila.*, 504 F.3d 405, 409 (3d Cir. 2007), we do have jurisdiction to review its

---

[2]    These statements are:

1.    Plaintiff was struck in the face with a beer bottle;
2.    Six (6) or more individuals jumped on Plaintiff;
3.    Plaintiff remained crouched on his butt curled in an upright fetal position with his hands protecting his face;
4.    Plaintiff was kicked in the face multiple times at full force;
5.    Plaintiff was continually punched and kicked at and around his face and body;
6.    Plaintiff's dreadlocks were pulled out of his hair in clumps;
7.    Plaintiff's use of the small Swiss Army-like knife was in self-defense whereat he swung wildly-striking, inadvertently, his best friend, Jason;
8.    Plaintiff reported his battery to the police;
9.    Cipressi admitted to his starting the fight;
10.    Cipressi fighting with Johnston, he did not see pertinent facts so as to allow Malitzki to conclude Cipressi a material witness;
11.    Correll, Plaintiff's attacker, admits Plaintiff was gang assaulted all the time merely protecting himself;
12.    Multiple attackers called Plaintiff a "nigger".

Pl.'s Supp. Mem., p. 2.

2

legal conclusion that the factual disputes it identified were material to Officer Malitzki's

entitlement to immunity, *Ziccardi v. City of Phila.*, 288 f.3d 57, 61 (3d Cir. 2002)."  Slip Op., p.

6.  The Court went on to review the following:

> The court's denial of summary judgment was flawed because it recited no
> factual question in dispute dispositive on whether Malitzki lacked probable cause
> to arrest under an objective reasonableness standard.  Malitzki arrested Davis for
> four crimes under Pennsylvania law: attempted homicide, aggravated assault,
> simple assault, and reckless endangerment.  The court identified only one factual
> dispute that it held bore on the reasonableness of the arrest - namely, whether
> Officer Malitzki should have - perceive[d] Davis as acting in self-defense.  *Davis*,
> 2010 WL 962954 at *4.[fn]  But this factual dispute, no matter how it were resolved,
> could not be legally determinative of whether there was probable cause. -
> Probable cause exists whenever reasonably trustworthy information or
> circumstances within a police officer's knowledge are sufficient to warrant a
> person of reasonable caution to conclude that an offense has been committed by
> the person being arrested.  *United States v. Myers*, 308 F.3d 215, 255 (3d Cir.
> 2002)(citation omitted).  A - credible report from a credible witness can suffice,
> *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 (3d Cir. 2000), and
> evidence that might exonerate a defendant does not defeat probable cause.  *See*,
> *e.g.*, *id.* at 790, n.8; *Jocks v. Tavernier*, 316 F.3d 128, 135-36 (2d Cir. 2003)
> (holding that probable cause does not turn on evidence that might exonerate
> because there is no - duty on the arresting officer to investigate exculpatory
> defenses offered by the person being arrested); *Gramenos v. Jewel Cos., Inc.*, 797
> F.2d 432, 440 (7th Cir. 1986)(-The Court has never suggested that the police, with
> [incriminating] information in hand, must conduct a further investigation or put
> contradictory evidence into the affidavit.).
>
> > [fn]  The Magistrate Judge found the witness statements were in -
> > direct conflict regarding the order of the attack.  *Davis*, 2010 WL
> > 962954 at *4.  Three victims told Officer Malitzki Davis -
> > aggressively lunged at them, while Davis and Johnston stated
> > Davis swung his knife reactively.  *Id.*  The court held whether these
> > statements should have led Officer Malitzki to - perceive Davis
> > acted in self-defense was a genuine dispute of fact for the jury.  *Id.*

Here, the undisputed facts in the record - or at least, the facts not flagged as
being in dispute by the court in its order - show Malitzki was in possession of -
reasonably trustworthy information of Davis's culpability.  There were multiple
reports from eyewitnesses stating Davis stabbed three victims with a knife and
slashed one other.  APP 319 (Affidavit of Probable Cause).  Davis admitted,

during his police interview to wielding a knife at the party and to making - slashing motions towards individuals.  APP 321 (Affidavit of Probable Cause). To any reasonable officer, this information would have provided sufficient probable cause to arrest for attempted homicide, aggravated assault, simple assault, and reckless endangerment - all crimes involving the threat or infliction of bodily injury on another.[fn]  Davis's exculpatory defense, no matter how compelling, could not defeat this already-present probable cause.  *See Ricciardi v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997)(holding a suspect's claim of acting in self-defense did not defeat the existence of probable cause for his arrest, given other incriminating evidence).[fn]

> [fn]  Under Pennsylvania law, attempted criminal homicide involves taking a substantial step towards - caus[ing] the death of another human being, with intent.  18 PA. Cons. Stat. Ann. §§ 901(a)(attempt) & 2501(a)(criminal homicide)(West 2011). Aggravated assault occurs when one - causes serious bodily injury to another with either intent, knowledge, or recklessness.  18 Pa. Cons. Stat. Ann. § 2702(a)(1)(West 2011).  Simple assault occurs when one causes bodily injury to another, with either intent, knowledge or recklessness.  18 Pa. Cons. Stat. Ann. § 2701(a)(1) & (2)(West 2011). Recklessly endangering another person is achieved through - recklessly engage[ing] in conduct which places or may place another person in danger of death or serious bodily injury. 18 Pa. Cons. Stat. Ann. § 2705 (West 2011).

> [fn]  The Second Circuit's language in *Ricciuti* is instructive - Plaintiff insists . . . the arrest was objectively unreasonable because plaintiff's loud protestations of innocence should have made clear to Officer Lopez that plaintiff was acting in self-defense . . . . We are not persuaded.  Although Officer Lopez would have been entitled to believe [plaintiff's] version of events rather than Watson's, he was not required to do so.  Given Watson's version of events and his visible injuries, a competent police officer could believe it was objectively reasonable to arrest plaintiff for the assault that had been committed.  *Ricciutti*, 124 F.3d at 128.

. . . .

But the undisputed facts demonstrate that Davis was the only person who wielded a knife at the party, and stabbed persons with it.  Significantly, most of the witnesses interviewed named Davis as the sole aggressor.[fn]

We will vacate and remand for proceedings consistent with this opinion.

4

If the court is aware of other factual disputes which could, as a matter of law, enable a jury to find Officer Malitzki's conduct was objectively reasonable, it may reconsider and reenter judgment, subject to further appellate review. *Cf. Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 151 (3d Cir. 2002)(-[I]t would aid us to know if the District Court . . . considered any other factual issues bearing on whether [the officer's] conduct was objectively unreasonable or whether it interfered with a clearly established constitutional right . . . The judgment of the District Court is vacated, and we remand the case for reentry of judgment . . . ). Otherwise, the court shall enter judgment in favor of Officer Malitzki.  As noted, for the reasons stated, we will vacate and remand for proceedings consistent with this opinion.

> [fn]  There were witness reports about a separate fight between Cipressi and Johnston that occurred simultaneous to Davis's brawl with Morrison and Ballangee, but no witness related that either individual suffered a knife injury as a result.  Namely, Cipressi told the police that after Davis - lunge[d] toward Rob and either punche[d] him or stab[bed] him . . . he did not want to get hit by the other kid [Kyle Johnston], so he punche[d] him and g[ot] him down on the ground, not knowing if he was going to get jumped. APP 295.  Johnston similarly stated - he looked over at Chris and he saw Chris fighting with the other two guys and then all of a sudden the guy he had problems with [Cipressi] removed his shirt and threw a punch at him . . . APP 265.  Courtney Bray confirmed seeing - Eddie and the other white kid [] fighting separately in a different area of the driveway.  APP 293.  None of these witnesses reported that either Cipressi or Johnston were stabbed, slashed or wounded by a knife during their fight.

Id. at 10-11, 12-13.  Thus, the Third Circuit held that, under the law applicable in this Circuit regarding probable cause analysis, sufficient probable cause existed to arrest Plaintiff because the test for probable cause did not require Officer Malitzki to resolve any of the disputes concerning whether the Plaintiff acted in self-defense.  Because this Court finds no other factual disputes which could, as a matter of law, enable a jury to find that Officer Malitzki's conduct was objectively unreasonable, judgment in Officer Malitzki's favor will be entered as to Plaintiff's malicious and selective prosecution claims.